# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DAVID JACOBS BARROW, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER GORDY, Warden, et ) <br> al., ) <br> ) <br> Respondents. ) | Case No.: 4:18-cv-00463-LSC-HNJ |

## MEMORANDUM OPINION

Petitioner David Jacobs Barrow filed this action for a writ of habeas corpus, through counsel, on or about March 23, 2018. (Doc. 1). Therein, Barrow challenges his guilty plea to two counts of production of obscene matter containing a visual representation of a person under seventeen years old, and the resulting 30 year sentence. (*Id*. at 1). On January 2, 2019, the magistrate judge to whom the case was referred filed a report recommending the petition be dismissed with prejudice. (Doc. 11). Barrow was notified of his right to file objections to the report and recommendation, and on January 25, 2019, the court received Barrow's objections. (Doc. 14).

Barrow's objections essentially reiterate his habeas petition claims. He claims his guilty plea was not voluntary and knowing because counsel told him he would be eligible for parole or work release and counsel told him the backlash to

1

his family from a trial would be "unbearable." Barrow further asserts counsel was ineffective for failing to file a motion to withdraw his guilty plea. Finally, Barrow claims his counsel on collateral review was ineffective for failing to raise these claims.

To demonstrate constitutionally ineffective assistance of counsel, a petitioner "must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Lee v. United States*, -- U.S. --, 137 S.Ct. 1958, 1964 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). To demonstrate counsel's ineffectiveness for either counseling him to accept the plea bargain offered or failing to file a motion to withdraw the guilty plea, the petitioner must show "that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 486 (2000)); *see also Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

The standard for determining the validity of a guilty plea asks "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Here, in exchange for his pleas of guilty to two counts, 25 additional counts were dismissed. The state's factual proffer during the plea colloquy demonstrated an

overwhelming amount of evidence against the petitioner. Glaringly absent from Barrow's argument that his counsel coerced him into pleading guilty is any semblance of a claim that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" on all 27 counts of production of obscene matter containing a visual representation of a person under seventeen years old, in violation of § 13A-12-197, *Code of Alabama 1975*, as amended. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Diveroli*, 803 F.3d at 1264 (holding the correct legal standard to demonstrate the prejudice prong of ineffective assistance of counsel claim requires a court to determine whether petitioner "would not have pleaded guilty and would have insisted on going to trial").

Barrow's assertions that counsel told him his family would suffer backlash if he proceeded to trial was, as the Alabama Court of Criminal Appeals stated, no more than "the realities of his case if he went to trial." (Doc. 4-6 at 11). Barrow's failure to demonstrate, or even assert, that but for counsel's coercion, he would have insisted on going to trial on all 27 counts, is fatal to his claim that his plea was not knowing and voluntary. *See e.g., Orange v. United States*, 2017 WL 5714719, *3 (11th Cir. 2017) (finding that the record undermines claim that plea was unknowing and involuntary because petitioner did not understand how long his sentence might be); *Sierra v. Florida Dep't of Corr.*, 657 F. App'x 849, 852 (11th Cir. 2016) ("[w]ith a video recording of the crime and no valid defenses, it

3

would not have been rational for Sierra to have rejected the plea agreement and proceeded to trial.").

Barrow's claim that trial counsel misinformed him about his eligibility for parole or work release fares no better. Even though the magistrate judge noted the claim is procedurally barred, he further considered whether counsels' failure to inform Barrow he would not be eligible for parole or work release, considered on its merits, provided a basis for habeas relief. (Doc. 11 at 27). During his plea, the court asked if the 30 year sentence was in fact a "day-for-day sentence" to which the prosecutor replied "Yes …. It's a day-for-day sentence and 10 years post-release supervision if he were to get out of prison in 30 years, with SORNA compliance." (Doc. 4-2 at 35).

Meanwhile, on the same date, Barrow also pleaded guilty to two counts of Human Trafficking in Madison County, with the 30 year sentence in the Marshall County cases to run concurrently with the 30 year sentence in the Madison County cases. *See State v. David Jacobs Barrow*, 47-CC-2015-000912.00 (Madison Co., Ala), at document 34. The "Explanation of Rights and Pleas of Guilty" form in the Madison County case, signed by Barrow and his counsel, clearly reflects that "pursuant to § 15-22-27.3, defendant not eligible for parole."[1] Hence, Barrow can show no prejudice from the alleged error of counsel because he knew in his

---

[1] Ala. Code § 15-22-27.3 states, "Any person convicted of a sex offense involving a child … which constitutes a Class A or B felony shall not be eligible for parole."

concurrent 30 year sentence he would not be parole eligible. His claim otherwise now is a "contention[] that in the face of the record [is] wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Finally, Barrow again asserts that his collateral counsel was ineffective for not raising this claim in his Rule 32 petition. (Doc. 14 at 10-11). However, because this claim is addressed on its merits, and the court finds Barrow is not due any relief on the underlying claim, his collateral counsel could not be ineffective for failing to raise the claim.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the response thereto, the magistrate judge's report is hereby **ADOPTED** and his recommendation is **ACCEPTED**. Barrow's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be

---

[2] Barrows's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), is misplaced. In *Martinez*, a prisoner sought to overcome the procedural default of his ineffective-assistance-of-trial-counsel claim by arguing that his post-conviction attorney was constitutionally ineffective for failing to raise the trial-counsel claim in the post-conviction collateral petition. *Martinez* expressly avoided deciding whether a prisoner has a constitutional right to counsel in those post-conviction proceedings, but instead created a narrow exception holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. *Hamm v. Comm'r, Alabama Dep't of Corr.*, 620 F. App'x 752, 762–63 (11th Cir. 2015). Where a court considers the underlying claim on its merits despite the question of procedural default, *Martinez* is inapplicable.

**DENIED**.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.  A separate Final Order will be entered.

  **DONE** AND **ORDERED** ON FEBRUARY 4, 2019.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
160704